MATAWAN REGIONAL TEACHERS ASSOCIATION AND ESTATE OF RUSSELL L. THOMAS, CHARLENE CANZANO, JUDITH ANN HOLMES, RICHARD POST AND HELEN L. KOSTYK, APPELLANTS, v. BOARD OF EDUCATION OF THE MATA-WAN–ABERDEEN REGIONAL SCHOOL DISTRICT, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1985—Decided June 12, 1985.

Before Judges MATTHEWS, FURMAN and HAVEY.

*Sanford R. Oxfeld* argued the cause for appellants (*Oxfeld, Cohen & Blunda,* attorneys; *Mark J. Blunda* of counsel and on the brief).

*Andrew J. DeMaio* argued the cause for respondent (*DeMaio & DeMaio,* attorneys).

*Irwin I. Kimmelman,* Attorney General, attorney for State Board of Education (*June Kanter,* Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

FURMAN, J.A.D.

Matawan Regional Teachers Association, the Estate of Russell Thomas, Charlene Canzano, Judith Ann Holmes, Richard Post and Helen Kostyk appeal from a decision of the State Board of Education, which upheld the Board of Education of the Matawan-Aberdeen Regional School District (Board) in denying applications by the four individual plaintiffs for addition-

al paid sick leave days under *N.J.S.A.* 18A:30–6 and remanding to the Board the application on behalf of Thomas's estate.

*N.J.S.A.* 18A:30–6 provides:

When absence, under the circumstances described in section 18A:30–1 of this article, exceeds the annual sick leave and the accumulated sick leave, the board of education may pay any such person each day's salary less the pay of a substitute, if a substitute is employed or the estimated cost of the employment of a substitute if none is employed, for such length of time as may be determined by the board of education in each individual case. A day's salary is defined as 1/200 of the annual salary.

*N.J.S.A.* 18A:30–6 prescribes no specific legislative standards to govern the exercise of discretion by boards of education in resolving whether to pay teachers for sick leave days beyond their annual and accumulated sick leave. The issue of unconstitutionality is not raised. Plaintiffs do not challenge the statute on the ground of lack of adequate legislative standards, *see Sheeran v. Nationwide Mutual Insurance Company, Inc.*, 80 *N.J.* 548, 558 (1979).

In *Bd. of Ed. Piscataway Tp. v. Piscataway Main.*, 152 *N.J.Super.* 235 (App.Div.1977), we held that, because the grant of extra sick leave days under *N.J.S.A.* 18A:30–6 is discretionary, a board of education could not negotiate away that discretion in its collective agreement with an employee association; a clause in the agreement granting extended paid sick leave as of right was beyond the scope of negotiability and invalid because of its conflict with the board's statutory obligation to deal with "each individual case."

In *Molina v. Bd. of Ed.*, 1983 *S.L.D.* ——, the Commissioner of Education approved the promulgation of policy guidelines by boards of education for the exercise of their discretion under *N.J.S.A.* 18A:30–6. According to *Molina*, such policy guidelines should be "clear and consistent ... applicable to all persons in substantially similar circumstances;" any specific limitation, such as one limiting paid sick leave to once only during the course of any individual teacher's service, should be communicated to employees in advance "so they will know what to expect." But the policy guidelines before the Commissioner

in *Molina* made an exception for applications in "special cases," *e.g.*, such as, if granted, would impose an intolerable financial burden on the school district or, if denied, would induce a premature return to employment, risking aggravation or new disability, by a teacher in need of income; or the loss of that teacher to other employment.

*Molina* approved but did not require policy guidelines for the award of extended paid sick leave by boards of education under *N.J.S.A.* 18A:30–6. No policy guidelines, written or otherwise, had been established by defendant Board on the appeal before us. A Board member testified that, in weighing application under *N.J.S.A.* 18A:30–6, he had given consideration to the applicant's length of service and imminence of his retirement. He had favored granting extended paid sick leave as "a bridge to retirement." The Deputy Superintendent of the school district agreed in his testimony that those two factors had been treated as significant by the Board on past applications, together with the details of the individual application, the nature of the sickness or injury and the number of extra days requested.

Thomas was a 19-year employee who suffered from a heart and a thyroid condition. He sought one additional week's paid sick leave at the end of the school year. He had also applied for a disability retirement. As a result of administrative oversight or confusion, no decision was rendered on his application for one week's extended sick leave. His disability retirement was accepted. He subsequently died.

The four individual plaintiffs had served with the school district from between two years in the case of Post to 12 years in the case of Canzano. Canzano and Holmes suffered complications from pregnancy; Kostyk was about to undergo a hysterectomy; and Post was recovering from a back injury sustained in a motor vehicle accident. Kostyk applied for extended sick leave of approximately six weeks, the others of approximately one week each.

■ On appeal the principal argument on behalf of Thomas's estate is that he was entitled to one week's extended sick leave based on the precedent of Albert Levine, a 30-year employee with a serious heart affliction, who, the year before, had been granted four extra days' paid sick leave prior to his retirement at the end of the school year. According to this argument, the State Board of Education, which affirmed the Commissioner of Education, should not have remanded the Thomas application but should have ordered that the Board pay the additional sick day benefits in accordance with the Administrative Law Judge's recommendation. We disagree. The Board should have the opportunity to review the Thomas application as an "individual case," in the light of the Levine precedent, insofar as parallel and not distinguishable, and to exercise the discretion vested in it by *N.J.S.A.* 18A:30–6.

■ The argument on behalf of the four individual plaintiffs hinges in part upon the conclusion by the Administrative Law Judge that their applications were denied "with little or no information as to the nature of the injury or illness ... and without a thorough review of the individual requests." But the Commissioner concluded that the Board had sufficient relevant facts before it, a conclusion in our view consistent with the medical data and other information in the record.

■ Additionally, the four individual plaintiffs contend that their applications were not evaluated on the merits, in accordance with a so-called blanket policy not to grant extended paid sick leave because of the Board's apprehension of a flood of such applications if any were successful. Nothing in the record supports that contention, except a reference in the Board minutes upon the denial of Kostyk's request for six additional weeks' paid sick leave: "[The Deputy Superintendent] and the Board explained that their position was to grant sick leave of absence without pay when an employee's sick days had been exhausted."

According to the Deputy Superintendent's testimony that excerpt from the official minutes was incorrect. The Board President testified that he knew of no such Board policy.

We agree with the State Board decision on appeal that defendant Board's denial of the applications by Canzano, Holmes, Post and Kostyk was reasonably based upon the record before it. Defendant Board's decision was neither arbitrary nor in violation of the *Molina* standard of uniformity under substantially similar circumstances. The four individual teachers were relatively junior in service, not on the verge of retirement because of disability or age; three of them applied within the same month. We cannot construe the denial of extended paid sick leave to all four as establishing *per se* a blanket Board policy of granting paid sick leave only without pay. The record fails to support the individual plaintiffs' contention that the Board was derelict in its denial of their applications in violation of its statutory mandate to exercise its discretion in each individual case.

We affirm.